UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRES LOPEZ MORENO,
A-246-299-153

Petitioner,

v.

KRISTI NOEM, et. al.,

Respondents.

No. 1:26-cv-01463-DC-DMC-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, an immigration detainee proceeding with counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents filed an answer. See ECF No. 7.

## I. BACKGROUND

Petitioner contends that he is a citizen of Mexico who entered the United States on December 3, 2022, at the San Ysidro Port of Entry where he was released and granted parole pursuant to Immigration and Nationality ACT (INA) § 212(d)(5). See ECF No. 1, pg. 5. According to Petitioner, "For several years, Petitioner lived in the community under ICE supervision and continued to comply with his monthly required check-ins where he had to send a picture of himself from his residence." Id. at 6. Petitioner asserts he has a pending application for asylum and withholding of removal. See id. Additionally, Petitioner states that he "has a long-

time U.S. citizen girlfriend, intends to marry her, and plans to pursue lawful permanent residence through a Form I-130 petition." Id. at 8. Petitioner contends that on January 1, 2026, he "was involved in a car accident and was subsequently arrested and taken to jail where he remained for 5 days. No charges were filed." Id. at 7.

According to Petitioner, he was directed to appear at the Immigration and Customs Enforcement (ICE) office on January 12, 2026, and when he appeared, he was detained. See id. Petitioner asserts that he "poses no danger to the community and no flight risk, as demonstrated by his years of compliance with immigration supervision and his ongoing ties to the community." Id. at 8. Petitioner argues he was detained "without revoking parole through any lawful or documented process, and without providing notice or a meaningful opportunity to be heard . . . solely on the basis of a disputed allegation of missed appointments, despite years of government acquiescence to his liberty." Id. Petitioner asserts four claims: (1) unlawful parole revocation without due process; (2) failure to follow agency regulations "including but not limited to 8 §§ 212.5(a). 212.5(b), and 212.5(c);" (3) arbitrary and capricious deprivation of liberty; and (4) failure to conduct a constitutionally adequate parole determination in accordance with 8 C.F.R. § 212.5(a) and (b). Id. at 9-15.

Respondents argue Petitioner's detention is lawful "because Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E)." ECF No. 7, pg. 1. According to Respondents, Petitioner's parole was terminated on January 12, 2026, "due to failure to remain in compliance with the program's conditions." Id. at 2 (citing ECF No. 7-1). Respondents argue "Petitioner's arrests and charges for causing bodily injury while driving under the influence of alcohol satisfies the requirements of [8 U.S.C. § 1226(c)(1)(E)] subsection (ii)," and therefore, Petitioner is subject to mandatory detention under § 1226(c). Id. at 3. Additionally, Respondents argue that Petitioner's detention is constitutional because it is not prolonged and has a definite termination point, the conclusion of removal proceedings. See id. at 3-6. Finally, Respondents contend that, if the petition is granted, "the only appropriate relief is a bond hearing, not release from detention" and at such bond hearing, the burden should be on Petitioner at such hearing. Id. at 6-7.

## II. DISCUSSION

The undersigned finds that Respondents violated Petitioner's the statutory process prescribed by 8 CFR 212.5 (e) when detaining Petitioner on January 12, 2026. Thus, the undersigned will recommend granting the petition and ordering Respondents release Petitioner, upon the same terms as his prior release, and that Respondents be enjoined and restrained from re-arresting or re-detaining Petitioner absent compliance with 8 CFR 212.5 (e). In light of this finding and recommendation, the undersigned finds it is not necessary to consider Petitioner's additional claims.

### A. 1226(c) and Exhaustion

The most important consideration to determine whether immigration detention is mandatory or discretionary, and the process afforded to the detainee to challenge such detention is what statute, and section of said statute, the individual falls under. See Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Section 236 of the INA, 8 U.S.C. § 1226, governs the apprehension and detention of noncitizens whose removal proceedings are pending. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Section 1226(c)(1)(E) of the INA mandates the detention of inadmissible noncitizens[1] "charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E)(ii).

Pursuant to 8 CFR § 3.19(h)(2)(ii), a "'Joseph hearing' is immediately provided to a detainee who claims that he is not covered by § 1226(c)." Demore v. Hyung Joon Kim, 538 U.S. 510, 514 (2003) (citing In re Joseph, 22 I. & N. Dec. 799 (1999)). Judges in this District

---

[1] This opinion uses the term "noncitizen" as equivalent to the statutory term "alien," in keeping with recent preferred nomenclature. Avilez v. Garland, 69 F.4th 525, 527 n.1 (9th Cir. 2023) (collecting cases).

have dismissed petitions for failure to exhaust administrative remedies upon finding the petitioner did not pursue a Joseph hearing to challenge their detention under § 1226(c). See Buckley v. Chestnut, No. 1:26-cv-02624-DAD-JDP, 2026 LX 101850, at *7-8 (E.D. Cal. Apr. 15, 2026). § 3.19(h)(2)(ii) provides that:

> Nothing in this paragraph shall be construed as prohibiting an alien from seeking a **redetermination of custody** conditions by the Service in accordance with part 1235 or 1236 of this chapter. In addition, with respect to paragraphs (h)(1)(i)(C), (D), and (E) of this section, nothing in this paragraph shall be construed as prohibiting an alien from seeking a determination by an immigration judge that the alien is not properly included within any of those paragraph.
>
> 8 CFR § 3.19(h)(2)(ii) (emphasis added).

Respondents argue that Petitioner's detention is governed by § 1226 (c) based on "Petitioner's arrests and charges for causing bodily injury while driving under the influence of alcohol." ECF No. 7, pg. 3. The undersigned disagrees. First, the plain language of § 1226 (c) applies to individuals who were arrested, charged, or convicted for "any crime that results in death or **serious** bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E)(ii) (emphasis added). Respondents make no showing that Petitioner's arrest arose from **serious** bodily injury, as required under § 1226(c).

Further, there is no record showing that Petitioner received a custody determination which classifies Petitioner as being subject to § 1226(c). The undersigned finds that given § 3.19(h)(2)(ii) provides for "redetermination of custody," an individual like Petitioner cannot seek any "redetermination" because there was no initial determination that he is subject to mandatory detention pursuant to § 1226(c). The Record of Deportable/Inadmissible Alien provided by Respondents does not cite that Petitioner is detained pursuant to § 1226(c). Instead, the form issued on the day Petitioner was detained states that Petitioner "was terminated from the ATD program due to failure to remain in compliance with the program's conditions." ECF No. 7-1, pg. 2. In Buckley, an immigration judge had already determined that petitioner was subject to mandatory detention pursuant to § 1226(c), and petitioner therefore could challenge the applicability of § 1226(c) in accordance with 8 CFR § 3.19(h)(2)(ii), in the form of a Joseph hearing. See No. 1:26-cv-02624-DAD-JDP, ECF No. 1, pg. 4 ("Mr. Buckley attempted to request

a Matter of Joseph hearing, following the vacatur of his convictions, **requesting that the IJ find that he was no longer, subject to mandatory** detention under 8 U.S.C. Section 1226(c)" (emphasis added)). Finally, in Respondents' answer to Petitioner's duplicative petition, Respondents do not argue Petitioner is subject to mandatory detention pursuant to § 1226(c), instead arguing Petitioner is subject to mandatory detention pursuant to § 1225(b). See 1:26-cv-04991-TLN-SCR, ECF No. 7. It appears Respondents themselves may recognize that Petitioner is not subject to § 1226(c).

Thus, the undersigned finds that because Petitioner never received a custody determination finding Petitioner is subject to mandatory detention pursuant to § 1226(c), Petitioner is not statutorily entitled to a Joseph hearing, and therefore, the petition should not be dismissed for failure to exhaust. Additionally, given Petitioner was not charged with a crime that resulted in serious bodily injury, the undersigned finds Petitioner's detention is not governed by § 1226(c) and Petitioner therefore is not subject to mandatory detention.

**B. Statutory Claim**

Petitioner argues that Respondents violated the statutory requirements provided in 8 § 212.5 when detaining Petitioner. See ECF No. 1, pg. 11. The undersigned agrees and finds that Respondents failed to provide Petitioner the process prescribed in 8 CFR 212.5 (e) when revoking Petitioner's parole. Therefore, the undersigned will recommend the petition be granted as to Petitioner's claim that his January 12, 2026, detention violated his statutory rights under 8 CFR 212.5 (e).

"It is well-established that government agencies are required to follow their own regulations." Constantinovici v. Bondi, 806 F. Supp. 3d 1155, 1164 (S.D. Cal. 2025) (citing United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 268, 74 S.Ct. 499, 98 L.Ed. 681 (1954); United States v. Ramos, 623 F.3d 672, 683 (9th Cir. 2010)). In light of this, district courts have found it is appropriate to order the release of immigration detainees when it is determined that ICE violated their own policies when effectuating the detention of a noncitizen. See Hoac v. Becerra, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) (finding petitioner likely to succeed on his unlawful re-detention claim because "there is no indication that

an informal interview was provided"); Rombot v. Souza, 296 F. Supp. 3d 383, 387 (D. Mass. 2017)(ordering petitioner's release because "the record does not show" that ICE followed the requirements to revoke release as set forth in § 241.4).

The record provided by Respondents show Petitioner was paroled pursuant to 212 (a)(7)(A)(i)(I). See ECF No. 7-2, pg. 4. §1182 (d)(5)(A) is the sole mechanism for granting parole for noncitizens detained under 212(a)(7)(A)(i)(I), providing that:

> The Secretary of Homeland Security may, except as provided in subparagraph (B) or in section 1184(f) of this title**, in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit** any alien applying for admission to the United States, but **such parole of such alien shall not be regarded as an admission of the alien** and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.
>
> 8 U.S.C. §1182(d)(5) (emphasis added).

In accordance with this statute, terminating parole granted pursuant to §1182(d)(5) requires a determination that parole is accomplished or no longer warranted. Given that purpose of parole itself is determined on a "case-by-case basis," the undersigned finds that revocation requires an individualized determination that Petitioner is no longer suitable for parole. 8 U.S.C. §1182(d)(5). The undersigned finds that a determination that the purpose of parole was accomplished or no longer warranted cannot be based on DHS' new interpretation of the statute because such a change does not address the case-specific reasons Petitioner was granted parole.

Moreover, 8 CFR 212.5 (e) prescribes a specific process for revocation of §1182(d)(5) parole:

> Termination of parole —
> (1) Automatic. Parole shall be automatically terminated without written notice
> (i) upon the departure from the United States of the alien, or,
> (ii) if not departed, at the expiration of the time for which parole was authorized, and in the latter case the alien shall be processed in accordance with paragraph (e)(2) of this section except that no written notice shall be required.
> (2) (i) On notice. In cases not covered by paragraph (e)(1) of this section, upon accomplishment of the purpose for which parole was authorized or when in the opinion of one of the officials listed in paragraph (a) of this section, neither humanitarian reasons nor public benefit warrants the

> continued presence of the alien in the United States, parole shall be terminated upon written notice to the alien and he or she shall be restored to the status that he or she had at the time of parole. When a charging document is served on the alien, the charging document will constitute written notice of termination of parole, unless otherwise specified. Any further inspection or hearing shall be conducted under section 235 or 240 of the Act and this chapter, or any order of exclusion, deportation, or removal previously entered shall be executed. If the exclusion, deportation, or removal order cannot be executed within a reasonable time, the alien shall again be released on parole unless in the opinion of the official listed in paragraph (a) of this section the public interest requires that the alien be continued in custody.

8 CFR 212.5 (e).

The statute includes explicit consideration of "automatic" revocation of parole, which does not provide for automatic revocation of parole upon DHS implementing a new statutory interpretation. See 8 CFR 212.5 (e). Petitioner did not leave the United States and the record does not show that the time for Petitioner's parole had expired. In accordance with 8 CFR 212.5 (e), the undersigned finds that Petitioner parole was not automatically revoked.

The statute provides that, absent automatic revocation, parole can only be terminated with notice that "in the opinion of one of the officials listed in paragraph (a) of this neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States." 8 CFR 212.5 (e). Respondents do not claim that there was a change in circumstance resulted in the determination by an official listed in 8 CFR 212.5 (a) that "neither humanitarian reasons nor public benefit warrants" Petitioner's continued parole. 8 CFR 212.5 (e). The Court recognizes that Petitioner's charge may give rise to such a determination but, Respondents make no claim that such a determination was ever made much less a determination made by the officials listed in paragraph (a). Nor do Respondents allege that Petitioner was provided notice of such a determination, as required by the statute. Absent a proper determination, or notice of such determination, Respondents failed to provide Petitioner with the process afforded by 8 CFR 212.5 (e).

Indeed, Petitioner's I-213 form states that Petitioner "was terminated from the ATD program due to failure to remain in compliance with the program's conditions," ECF No. 7-1, pg. 2, but the form does not state what condition Petitioner violated. The lack of notice of what

condition Petitioner violated shows that Petitioner was not provided the procedural protections of 212.5 (e), as required by statute. Accordingly, the undersigned finds that Respondents denied Petitioner the process due, as prescribed in 8 CFR 212.5 (e), and will therefore recommend the petition be granted, that Respondents be ordered to immediately release Petitioner under the same conditions he was released previously and that Respondents be enjoined and restrained from re-arresting or re-detaining Petitioner absent compliance with 8 CFR 212.5 (e):

> upon accomplishment of the purpose for which parole was authorized or when in the opinion of one of the officials listed in paragraph (a) of this section, neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States, parole shall be terminated upon written notice to the alien and he or she shall be restored to the status that he or she had at the time of parole.
>
> 8 CFR 212.5 (e)

## III. CONCLUSION

Based on the foregoing, the undersigned recommends:

1. It is RECOMMENDED that Petitioner's petition for writ of habeas corpus, ECF No. 1, be GRANTED as to Petitioner's claim that Respondents' violated the statutory requirements of 8 CFR 212.5;
2. It is RECOMMENDED that Petitioner's motion for prompt adjudication, ECF No. 8, be DISMISSED AS MOOT;
3. It is RECOMMENED that Petitioner, ANDRES LOPEZ MORENO, A-246-299-153, be RELEASED IMMEDIATELY from Respondents' custody under the same conditions he was released previously.
4. It is RECOMMENDED that Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with 8 CFR 212.5 (e).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at

issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 13, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE