UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES LOPEZ MORENO (A-246-299-153),<br>Petitioner,<br>v.<br>KRISTI NOEM, et. al.,<br>Respondents. | No. 1:26-cv-01463-DC-DMC (HC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 8, 9) |

Petitioner, an immigration detainee proceeding with counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On July 13, 2026, the Magistrate Judge filed findings and recommendations herein which were served on the parties, and which contained notice that the parties may file objections within 7 days. (ECF No. 9.) No objections to the findings and recommendations have been filed.

The Court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Having reviewed the file, the Court finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis. However, consistent with this court's previous decisions, the court finds that requiring Respondents to provide a bond hearing, rather than immediately release

Petitioner, is the appropriate relief under the circumstances of this case. Petitioner was detained soon after his arrest for driving under the influence. Thus, Respondents have provided a non-pretextual changed circumstance that may warrant revocation of Petitioner's prior release. This court has previously found that where the government asserts a non-pretextual change in circumstance potentially warranting revocation of a non-citizen's release, the proper remedy for the government's failure to provide the petitioner with a pre-deprivation bond hearing is a post-deprivation bond hearing, not immediate release. *See, e.g.*, *Calvillo v. Chestnut*, No. 1:26-cv-00569-DC-CSK, 2026 WL 253627 at *3 (E.D. Cal. Jan. 31, 2026) ("[W]hile the court finds that Petitioner is likely to succeed on the merits of her claim that her re-detention without a bond hearing violated her right to due process, the court will order that the proper remedy for this violation is that Petitioner receive a post-deprivation bond hearing in which Respondents must show, by clear and convincing evidence, that the alleged changed circumstances demonstrate that Petitioner is either a flight risk or threat to public safety, such that her detention is justified.").

Accordingly, IT IS HEREBY ORDERED as follows:

1. The findings and recommendations filed July 13, 2026 (ECF No. 9), are ADOPTED IN PART;

2. Petitioner's petition for a writ of habeas corpus (ECF No. 1) is GRANTED as to Petitioner's claim that Respondents' violated the statutory requirements of 8 CFR § 212.5;

3. Within fourteen (14) days of the date of entry of this order, Respondents are ORDERED to provide Petitioner a bond hearing before an immigration judge at which the government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is either a flight risk or risk to community safety such that Petitioner's continued immigration detention is justified; and

4. If Respondents fail to provide Petitioner a bond hearing within fourteen (14) days of the date of entry of this order, Petitioner shall be immediately released from Respondents' custody on the same terms as Petitioner's previous release;

5. Petitioner's motion for prompt adjudication (ECF No. 8) is DISMISSED AS MOOT;

6. Within three days of the bond hearing, Respondents must file a notice certifying compliance with this order;

7. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

8. The Clerk of the Court is directed to enter judgment accordingly and close this case.

IT IS SO ORDERED.

Dated: **August 10, 2026**

Dena Coggins
United States District Judge